**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**FREDERICK E. JOHNSON,**

    **Plaintiff,**

                              **Civil Action 2:15-cv-86**
    **v.**                           **Judge James L. Graham**
                              **Magistrate Judge Elizabeth P. Deavers**

**GARY C. MOHR,** *et al.***,**

    **Defendants.**


**ORDER and REPORT AND RECOMMENDATION**

Plaintiff, Frederick E. Johnson, a state inmate who is proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983, asserting claims arising out of prison disciplinary proceedings and the alleged destruction of property.  This matter is before the Court for consideration of Defendant Warden Timmerman-Cooper's Motion for Summary Judgment (ECF No. 30), seeking judgment as a matter of law pursuant to Federal Rule of Civil Procedure 56 on the sole claim remaining in this action, Plaintiff's retaliation claim, as well as Defendant's Motion to Strike Plaintiff's Sur-Reply (ECF No. 36), Plaintiff's Motion for Declaratory Judgment (ECF No. 37), Plaintiff's Motion for Order to Show Cause (ECF No. 38), Plaintiff's Motion to Strike (ECF No. 41), Plaintiff's Second Motion to Show Cause (ECF No. 48) and the parties' briefing relating to these Motions.  (ECF Nos. 33, 34, 35, 40, 45, 46, and 47.)  For the reasons set forth below, Defendant's Motion to Strike Plaintiff's Supplemental Memorandum in Opposition (ECF No. 36) is **GRANTED**, and Plaintiff's Motion to Strike Defendant's Motion to Strike (ECF No. 41) is **DENIED**.  In addition, it is **RECOMMENDED** that Plaintiff's Motions

for Declaratory Relief and to Show Cause (ECF Nos. 37, 38, and 48) be **DENIED**.  Finally, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 30) be **GRANTED**.

## I.

The alleged events giving rise to this action occurred while Plaintiff was incarcerated at London Correctional Institution ("LCI").  According to Plaintiff's unverified Complaint, in July 2013, after a fellow inmate accused him of sexual assault, a conduct report was filed against him that resulted in a prison disciplinary proceeding.  Plaintiff alleges that he was denied due process during the disciplinary proceedings and also during his appeal.  Plaintiff further alleges that Defendant Warden Timmerman-Cooper denied his appeal and that as "supervisor in charge of all the defendants . . . she had the staff [] destroy all [of his] property as a result of retaliation."  (Compl. 17, ECF No. 4.)

On March 17, 2014, prior to filing the instant action, Plaintiff filed a complaint in the Ohio Court of Claims against LCI seeking monetary compensation for his missing property, asserting that LCI acted negligently in failing to pack his property for over twenty days after he was transferred into segregation.  (*See* ECF No. 30-5.)  Plaintiff did not mention Warden Timmerman-Cooper in this state-court complaint.  The Court of Claims found that LCI was negligent in delaying packing his materials and that they had failed to follow proper protocol in disposing of his belongings.  (*See* Nov. 7, 2014 Memorandum Decision 6, ECF No. 30-6.)  The Court of Claims awarded Plaintiff $466.45 to compensate him for the missing property.  (*Id*. at 9.)

Plaintiff filed the instant action on January 14, 2015.  (ECF No. 1.)  Following an initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable

2

claims and dismiss claims that fail to state a claim upon which relief may be granted, the Court dismissed Plaintiff's due process claims. (Apr. 3, 2015, ECF No. 11.) Construing Plaintiff's Complaint liberally, the Court permitted Plaintiff to proceed on his asserted retaliation claim against Defendant Warden Timmerman-Cooper. (*Id*. at 7 (permitting Plaintiff to proceed solely on his "First Amendment retaliation claim against Warden Timmerman-Cooper for the destruction of his property in retaliation for pursuing an appeal of the disciplinary hearing".)

After the close of discovery, Defendant Warden Timmerman-Cooper filed the subject Motion for Summary Judgment, seeking judgment as a matter of law on the sole remaining claim in this action. (ECF No. 30.) Defendant maintains that she is entitled to summary judgment on Plaintiff's retaliation claim for a number of reasons. Defendant first asserts that to the extent Plaintiff seeks to sue her in her official capacity, her claim is barred by the Eleventh Amendment. Defendant next asserts that she is entitled to judgment as a matter of law with regard to any individual-capacity retaliation claim because Plaintiff has failed to sufficiently allege or offer sufficient evidence reflecting that he was retaliated against for engaging in protected activity. Defendant further offers her affidavit in which she represents that she has no knowledge as to whether Plaintiff's property was destroyed, that she never ordered his personal property destroyed, and that she did not retaliate against Plaintiff in any way for any reason. (Timmerman-Cooper Aff. ¶¶ 21–22, ECF No. 30-2.) Defendant alternatively asserts that she is entitled to qualified immunity on Plaintiff's retaliation claim. Defendant next asserts that judgment in her favor is required because Plaintiff failed to properly exhaust the inmate grievance procedure before bringing this action. According to Defendant, Plaintiff failed to exhaust the grievance procedure against her because none of his grievances even mention her and also because she failed to file a grievance directly to the Office of Chief Inspector, which is

3

required when an inmate alleges misconduct on the part of the warden.  Defendant attaches the affidavit of ODRC Institutional Inspector DeCarlo Blackwell in which he sets forth the grievance procedure and states that although Plaintiff did file grievances about his property, he did not mention Defendant Warden Timmerman-Cooper in any of his grievances and did not file any grievance directly to the Office of the Chief Inspector against Warden Timmerman-Cooper as required.  (Blackwell Aff., ECF No. 30-3.)  Finally, Defendant asserts that under *Leaman v. Ohio Dep't of Mental Retardation*, 825 F.2d 946 (6th Cir. 1987), Plaintiff's filing of an action in the Ohio Court of Claims to recover the value of his destroyed property operates as a waiver of any cause of action based upon the same acts of omission such that Plaintiff may not now pursue his § 1983 claims against her.

In his June 9, 2016 Memorandum in Opposition, Plaintiff asserts that Defendant Warden Timmerman-Cooper was responsible for handling "any and all matters at the prison" and that she was "careless in doing her job." (Pl.'s Mem. in Opp. 3, ECF No. 33.)  In the final pages of his Memorandum in Opposition, Plaintiff similarly states that "[i]t was [Defendant Warden Timmerman-Cooper's] negligence that cost [him] damages of his property loss" and that "there is still a genuine dispute of [him] not getting his full demand of his property which was lost." (*Id*. at 15.)  He explained that the Ohio Court of Claims failed to award him the full $997.99 in monetary damages he sought for the loss of his property.  Plaintiff also notes that the Ohio Court of Claims found LCI to be negligent in the handling of his property.  According to Plaintiff, Defendant Warden Timmerman-Cooper left his property unattended for twenty days before packing it up and subsequently distributed the property "to her snitches" because "she felt that [he] was guilty of the alleged charges." (*Id*. at 12.)  Plaintiff also asserts that Defendant "retaliated against [him] because the victim of his alleged sexual assault was a young white

4

male." (*Id*.)  Plaintiff appears to argue that he needs to conduct additional discovery in order to refute Defendant's assertions.  (*See id*. at 6–8.)  In response to Defendant's contention that he failed to properly exhaust his administrative remedies, Plaintiff first asserts that he exhausted his administrative remedies by filing an action against LCI in the Ohio Court of Claims.  (*See id*. at 7.)  He also submits that if he had not exhausted his administrative remedies, "he would not [have] been able to proceed in the Court of Claims."  (*Id*. at 7-8.)  He also represents that he filed a complaint against Defendant Warden Timmerman-Cooper to the Chief Inspector's Office, but that the Chief Inspector "refused to do his job and find [Defendant Warden Timmerman-Cooper] at fault for actions" and instead dismissed the action and stated that the matter should be handled at the institutional level.  (*Id*. at 10–11.)  Finally, Plaintiff appears to allege that he had proof that he exhausted his administrative remedies, but that Defendant destroyed it when she destroyed his property.  (*Id*. at 9.)

In her Reply, Defendant asserts that she is entitled to Summary Judgment because Plaintiff failed to come forward with evidence sufficient to establish a genuine issue of material fact with regard to the sole remaining claim.  (ECF No. 34.)  Defendant points out that neither Plaintiff's Complaint nor his Memorandum in Opposition are verified such that the allegations contained in these filings are insufficient to defeat a summary judgment motion.  Defendant again asserts that Plaintiff's retaliation claim fails because the activity he alleges was retaliatory came in response to Plaintiff committing a violation of a prison regulation as contrasted with him engaging in protected conduct.  Defendant submits that this Court should reject Plaintiff's assertions that he needs additional discovery, pointing out that Plaintiff should have completed discovery before the close of the discovery period.

On July 14, 2016, three weeks after Defendant's Reply and without first obtaining leave

5

of Court, Plaintiff filed a Supplemental Memorandum in Opposition to Defendant's Motion for Summary Judgment.  (ECF No. 35.)  In this Supplemental Memorandum, Plaintiff asserts that Defendant Warden Timmerman-Cooper personally destroyed his property because she believed him to be guilty of the alleged sexual assault for which he was ultimately found guilty by the prison's Rules Infraction Board.  He also asserts that "if it pleases the court, [he] can assure the court that under the penalty of perjury that every statement [he] has made in his [filings] has been true . . . ."  (Pl.'s Supp. Mem. in Opp. 6, ECF No. 35.)  In addition, Plaintiff again represents that he exhausted the prison grievance procedure, but cannot prove it because his property was destroyed.

On August 4, 2016, Defendant filed a Motion to Strike Plaintiff's Supplemental Memorandum in Opposition, asserting that his sur-reply/Supplemental Memorandum is not properly before the Court pursuant to Local Rule 7.2(a)(2).  (ECF No. 36.)  Defendant further asserts that the Court should reject Plaintiff's attempt to retroactively verify his submissions because his untimely effort does not substantially comply with 28 U.S.C. § 1746, which allows for verification of a document if certain conditions are satisfied.  On August 18, 2016, Plaintiff filed a Motion to Strike Defendant's Motion to Strike.  (ECF No. 41.)  In this Motion, Plaintiff represents that he construed Defendant's Reply in Support of her Motion for Summary Judgment to be a second motion.  He therefore contends that he has a legal right to respond or object to Defendant's Reply.  On September 8, 2016, Defendant filed a Memorandum in Opposition to Plaintiff's Motion to Strike.  (ECF No. 46.)  Defendant asserts that Plaintiff has failed to advance any legal theory supporting his contention that her Motion to Strike should be stricken from the Court's docket.

On August 11, 2016, Plaintiff filed a Motion for Declaratory Judgment requesting an

6

Order compelling his correctional institution's cashier's office to remove sanctions from his account and refund money improperly charged. (ECF No. 37.) According to Plaintiff, his account was charged the entire amount of the Court's filing fee rather than the monthly payments this Court ordered. On August 15, 2016, Plaintiff filed a Motion for a Show Cause Order, seeking an Order compelling his institution's cashier's office to appear for a Show Cause Hearing to explain why an injunction should not be entered against it precluding it from taking the funds out of his account. (ECF No. 38.) On August 30, 2016, Defendant filed a Response to Plaintiff's Motions for Declaratory Judgment and for a Show Cause Order. (ECF No. 45.) In her Response, Defendant acknowledges that Plaintiff's account incorrectly reflected a debit of $350.00, but represents that no money was actually removed. Defendant submitted the affidavit of ODRC Institutional Inspector Cynthia Hill in which Ms. Hill represents that the debiting error was reversed in response to a grievance Plaintiff filed and that Plaintiff has received paperwork reflecting that the accounting error has been corrected. (Hill Aff., ECF No. 45-1.) On October 3, 2016, Plaintiff filed another Motion to Show Cause, asserting that although his prison cashier's office corrected the deficiencies he outlined in his prior motions and debited his account for the proper amount owed to the Court, it appears that the money has not been sent to the Court. (ECF No. 48.) Plaintiff explains that although his account shows debits for partial filing fees, he has not been served with a receipt reflecting payment of the money to the Court.

## II.

**A.    The Parties' Motions to Strike**

As a threshold matter, the Court **GRANTS** Defendant's Motion to Strike Plaintiff's Supplemental Memorandum in Opposition (ECF No. 36) and **DENIES** Plaintiff's Motion to Strike Defendant's Motion to Strike (ECF No. 41).

Southern District of Ohio Local Civil Rule 7.2(a)(2) permits the filing of a motion and memorandum in support, a memorandum in opposition, and a reply memorandum. The Rule further states that "[n]o additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). *See also Shelby Cty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 372 n.7 (6th Cir. 2009) ("[A] party 'ordinarily has no right to respond to the reply brief, at least not until oral argument.'" (quoting *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008)). Courts will, however, generally grant a party leave to file a sur-reply where "new submissions and/or arguments are included in the reply brief." *Seay v. TVA*, 339 F.3d 454, 481–82 (6th Cir. 2003); *see also Key v. Shelby Cty.*, 551 F. App'x 262, 265 (6th Cir. 2014) ("Although the Federal Rules of Civil Procedure do not expressly permit the filing of sur-replies, such filings may be allowed in the appropriate circumstances, especially '[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" (quoting *Seay*, 339, F.3d at 481)).

Here, Plaintiff filed a sur-reply/supplemental memorandum three weeks after Defendant's Reply without first obtaining leave of Court in violation of S.D. Ohio Civ. R. 7.2. Plaintiff does not contend that Defendant raised new arguments but instead asserts that he construed Defendant's Reply as a new motion and therefore believed he had a right to respond to Defendant's Reply. Review of Defendant's Reply reflects that she did not include new submissions or advance new arguments in support of her underlying Motion for Summary Judgment. Accordingly, Plaintiff has not shown good cause for filing a sur-reply. Defendant's Motion to Strike is therefore well taken and **GRANTED**. Plaintiff's Motion to Strike Defendant's Motion to Strike is **DENIED**. Accordingly, the Court will not consider Plaintiff's

sur-reply/supplemental memorandum in connection with consideration of Defendant's Motion for Summary Judgment.

**B.     Plaintiff's Motions for Declaratory Judgment and to Show Cause**

It is **RECOMMENDED** that Plaintiff's Motions for Declaratory Relief and to Show Cause (ECF Nos. 37, 38, and 48) be **DENIED**.  Through these Motions, Plaintiff seeks an order directing his prison's cashier to credit his account for any improper deductions and to send all properly debited funds to this Court.

Federal Rule of Civil Procedure 65(a) and (b) permit a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage.  Fed. R. Civ. P. 65(a) and (b).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."  *Texas v. Camenisch*, 451 U.S. 390, 395 (1981).

The Undersigned recommends denial of Plaintiff's requests for injunctive relief because the relief he seeks and the bases for that relief are unrelated to the allegations in his Complaint.  As the United States Supreme Court has explained, "[a] preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally," but is inappropriate where the injunction "deals with a matter lying wholly outside of the issues in the suit."  *De Beers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945).  Thus, courts consistently deny motions for preliminary injunctions where the requested relief is unrelated to the conduct alleged in the complaint.  *See, e.g.*, *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (denying preliminary injunction because "a district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (denying

preliminary injunction where the moving party failed to "establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"); *Ball v. Famiglio*, 396 F. App'x 836, 838 (3d Cir. 2010) (denying preliminary injunction where individuals whose conduct movant sought to enjoin were not named defendants and where most of the relief requested was unrelated to allegations in complaint); *see also Colvin v. Caruso*, 605 F.3d 282, 299–300 (6th Cir. 2010) (noting that the trial court could have denied the requested injunctive relief on the grounds that the request was improper because it was not premised upon a claim in the original complaint).

Here, the bases upon which Plaintiff seeks injunctive relief are unrelated to the retaliation claim he raises in his Complaint. Indeed, the individuals from whom Plaintiff seeks relief are not named as defendants in this action. Accordingly, it is **RECOMMENDED** that Plaintiff's motions seeking injunctive relief be **DENIED**. (ECF Nos. 37, 38, and 48.)

## C. Defendant's Motion for Summary Judgment

As discussed above, Defendant advances several alternative bases in support of her contention that she is entitled to judgment as a matter of law on Plaintiff's sole remaining retaliation claim. After setting forth the standard governing motions for summary judgment, the Undersigned considers Defendant's arguments in turn.

### 1. Standard

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air*

*Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that if a party "fails to properly address another party's assertion of fact" then the Court may "consider the fact undisputed for purposes of the motion").

"Once the moving party meets its initial burden, the nonmovant must 'designate specific facts showing that there is a genuine issue for trial.'" *Kimble v. Wasylyshyn*, 439 F. App'x 492, 495–96 (6th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts, . . . there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex*, 477 U.S. at 322–23).

    **2.**    **Eleventh Amendment Immunity**

Plaintiff's Complaint does not identify the capacity in which he is suing Defendant Warden Timmerman-Cooper. In his Memorandum in Opposition to Defendant's Motion for Summary Judgment, however, Plaintiff appears to assert that he is suing her in both her official and individual capacity. (*See* Pl.'s Mem. in Opp. 15, ECF No. 33 ("In this case the Indivisuals [sic] are being held [i]n the[ir] office and very own capacity.").)

The Undersigned agrees with Defendant that to the extent Plaintiff seeks monetary damages from her in her official capacity, the Eleventh Amendment bars his claims. The Eleventh Amendment provides as follows:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens of Subjects of a Foreign State.

U.S. Const. amend. XI. The Eleventh Amendment operates as a bar to federal-court jurisdiction when a private citizen sues a state or its instrumentalities unless the state has given express consent. *Pennhurst St. Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1983); *Lawson v. Shelby Cnty.*, 211 F.3d 331, 334 (6th Cir. 2000). "The burden of establishing Eleventh Amendment immunity lies with the state . . . ." *Barker v. Goodrich*, 649 F.3d 428, 432 (6th Cir. 2011). Eleventh Amendment Immunity does not apply "where a state has itself waived its immunity from federal suit" or "where Congress has abrogated the states' immunity." *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376, 381 (6th Cir. 1993). Here, Defendant has not waived immunity, as is evident by the fact that she raised it in her Answer and also in her Motion for Summary Judgment. (*See* Answer 1, ECF No. 19; Def.'s Mot for Summ. J. 7, ECF No. 30.) Accordingly, it is **RECOMMENDED** that the Court grant summary judgment in favor of Defendant to the extent Plaintiff seeks monetary damages from her in her official capacity.

### 3. Merits of Retaliation Claim

To the extent Plaintiff sues Defendant Warden Timmerman-Cooper in her individual capacity, the Undersigned likewise concludes that she is entitled to judgment as a matter of law on the sole remaining retaliation claim.

To have an actionable First Amendment retaliation claim, a claimant must establish the following elements:

> "(1) the plaintiff engaged in protected conduct; (2) and adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct."

*King v. Zamiara*, 680 F.3d 686, 694 (6th Cir. 2012) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 2000)). "[C]ausation in retaliatory claims may really be considered a two-part inquiry: A plaintiff must show both (1) that the adverse action was proximately caused by an individual defendant's acts, *Siggers–El v. Barlow*, 412 F.3d 693, 702 (6th Cir. 2005), but also (2) that the individual taking those acts was 'motivated in substantial part by a desire to punish an individual for exercise of a constitutional right,' *Thaddeus–X*, 175 F.3d at 386." *King*, 680 F.3d at 695. A claimant bears the burden of establishing that the adverse action is "motivated at least in part" by his or her protected conduct. *Id*. at 694; *Thaddeus-X*, 175 F.3d at 399 ("[T]he third element—a causal connection between the protected conduct and the adverse action—needs to be established by [claimants] to complete their affirmative case."). In this regard, "the summary judgment hurdle is not insubstantial . . . [and] bare allegations of malice would not suffice to establish a constitutional claim." *Id*. (internal quotation marks and citation omitted).

In the instant case, Plaintiff falls short of satisfying his burden to show that Defendant retaliated against him for engaging in constitutionally protected conduct. In his Memorandum in Opposition, Plaintiff asserts that Defendant Warden Timmerman-Cooper was negligent in the handling of his property because she believed he was guilty of sexually assaulting another inmate. (Pl.'s Mem. in Opp. 12, ECF No. 33.) Even assuming that Defendant's alleged negligence in handling his property is sufficiently adverse to satisfy the second element, Plaintiff's retaliation claim fails because the conduct that purportedly motivated Defendant's negligence—Plaintiff's alleged sexual assault of another inmate (for which he was ultimately

13

convicted)—does not constitute constitutionally-protected conduct. *Cf. Lockett v. Suardini*, 526 F.3d 866, 874 (6th Cir. 2008) ("[I]f a prisoner violates a legitimate prison regulation, he is not engaged in protected conduct, and cannot proceed beyond step one of the three-step retaliation analysis." (internal quotation marks and citations omitted)); *Patterson v. Godward*, 505 F. App'x 424, 425 (6th Cir. 2012) ("A finding of guilt based upon some evidence of a violation of prison rules essentially checkmates a retaliation claim." (internal quotation marks and citation omitted)); *See Harbin–Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)) ("[C]onclusory allegations of retaliatory motive 'unsupported by material facts will not be sufficient to state . . . a claim under § 1983.'").

Because Plaintiff has failed to show that Defendant Warden Timmerman-Cooper retaliated against him for engaging in protected conduct, it is **RECOMMENDED** that the Court grant summary judgment in favor of Defendant on the sole remaining claim in this action.

**4.     Exhaustion of Administrative Remedies**

The Undersigned alternatively **RECOMMENDS** that the Court grant summary judgment in favor of Defendant on the grounds that Plaintiff failed to properly satisfy the exhaustion requirements set forth in the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e(a).

"A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . . .'" *Surles v. Andison*, 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 216 (2007)). Defendants bear the burden of proof on the affirmative defense of exhaustion. *Napier v. Laurel Cnty., Ky.*, 636 F.3d 218, 225 (6th Cir. 2011) (citations omitted) ("[F]ailure to exhaust administrative remedies under the PLRA is an affirmative defense that must be established by the defendants."). "Summary

judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles*, 678 F.3d at 455. "When a prisoner's complaint contains a combination of exhausted and unexhausted claims, courts are to dismiss the unexhausted claims but retain and address the exhausted claims." *Reynolds-Bey v. Harris*, 428 F. App'x 493, 500 (6th Cir. 2011) (citing *Jones*, 549 U.S. at 220–24).

Under 42 U.S.C. § 1997e(a), as amended by the PLRA, "a prisoner confined in any jail, prison, or other correctional facility" may not bring an action challenging "prison conditions" under 42 U.S.C. § 1983 "or any other Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Jones*, 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." (citation omitted)). This mandatory exhaustion requirement applies to all lawsuits relating to prison conditions, regardless of the nature of the wrong or the relief sought. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). To properly exhaust, prisoners must "tak[e] advantage of each step the prison holds out for resolving the claim internally and . . . follow the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010); *Jones*, 549 U.S. at 217–18 (noting that proper exhaustion requires "[c]ompliance with prison grievance procedures").

Ohio has established a procedure for resolving inmate complaints. Ohio Admin. Code § 5120–9–31. To properly exhaust a claim seeking relief "regarding any aspect of institutional life that directly and personally affects the [inmate]," an inmate at an ODRC facility must comply

15

with its grievance system. *Id*. With regard to grievances against the warden or inspector of institutional services, Ohio's grievance procedure provides as follows:

> Grievances against the warden or inspector of institutional services must be filed directly to the office of the chief inspector within thirty calendar days of the event giving rise to the complaint. Such grievances must show that the warden or inspector of institutional services was personally and knowingly involved in a violation of law, rule or policy, or personally and knowingly approved or condoned such a violation. The chief inspector or designee(s) shall respond in writing within thirty calendar days of receipt of the grievance. The chief inspector or designee(s) may extend the time in which to respond for good cause, with notice to the inmate. The decision of the chief inspector or designee is final.

Ohio Admin. Code § 5120–9–31(M).

The Undersigned concludes that Defendant has satisfied her burden of proving that Plaintiff failed to exhaust his administrative remedies. As set forth above, Mr. Blackwell avers that Plaintiff has not filed any grievances even mentioning Defendant Warden Timmerman-Cooper and that he failed to file a grievance directly to the Office of the Chief Inspector against Defendant. (Blackwell Aff., ECF No. 30-3.)

Plaintiff's arguments to the contrary are unavailing. The October 18, 2013 Informal Complaint Resolutions (ECF No. 33-2 at 8, 13) and the October 24, 2013 Correspondence from the Office of Chief Inspector (ECF No. 33-2 at 7) do not support a finding of exhaustion because none of these documents demonstrate that Plaintiff filed a grievance against Defendant Warden Timmerman-Cooper directly with the Office of Chief Inspector as required under Ohio Admin. Code § 5120–9–31(M). And contrary to Plaintiff's assertion, his pursuit of a negligence action against LCI in the Ohio Court of Claims does not demonstrate that he exhausted his administrative remedies with regard to his retaliation claim against Defendant Warden Timmerman-Cooper. His unsworn statement in his Memorandum in Opposition that he properly complied with the grievance procedure, without supporting documentation, likewise falls short.

*See* Fed. R. Civ. P. 56(c) (setting forth the materials upon which a party can rely to assert that a fact is genuinely disputed). Finally, Plaintiff's assertion that Defendant "destroyed all [of his] property to stop him from having any proof of his allegations" also fails to persuade the Undersigned to reach a different conclusion. In her Answer, Defendant expressly raised the defense of exhaustion of administrative remedies. (Def.'s Answer 2, ECF No. 19 ("Plaintiff's claim is barred under 42 U.S.C. § 1997e(a) because he failed to exhaust available administrative remedies.").) Consequently, Plaintiff was on notice of Defendant's contention that he failed to exhaust his administrative remedies. He therefore should have utilized the discovery process to obtain copies of his grievances and any related documents he alleges were destroyed. To the extent Plaintiff did timely seek this information though the discovery process and Defendant failed to provide the requested documentation, Plaintiff's recourse would have been to file a motion to compel before the March 1, 2016 discovery deadline set forth in the July 1, 2015 Scheduling Order. (*See* July 1, 2015 Scheduling Order 1–2, ECF No. 20 ("The Court advises the parties that the discovery completion date requires that discovery requests be made sufficiently in advance to permit timely response. The Court further advises that motions relating to discovery, if any, shall be filed within the discovery period unless it is impossible or impracticable to do so.".) Plaintiff did not file any such motion.

In sum, Defendant is entitled to summary judgment because she has satisfied her burden of proving that Plaintiff failed to exhaust his administrative remedies. Thus, should the Court decline to grant summary judgment as a matter of law with regards to merits of Plaintiff's retaliation claim, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's remaining retaliation claim **WITHOUT PREJUDICE** for failure to properly exhaust his administrative remedies. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006) (citing *Knuckles*

*El v. Toombs*, 215 F.3d 640 (6th Cir. 2000)) ("A dismissal under § 1997e should be without prejudice.").

Based upon the foregoing recommendations, it is unnecessary for the Undersigned to consider Defendant's alternative arguments in favor of summary judgment.

### III.

For the reasons set forth above, Defendant's Motion to Strike Plaintiff's Supplemental Memorandum in Opposition (ECF No. 36) is **GRANTED**, and Plaintiff's Motion to Strike Defendant's Motion to Strike (ECF No. 41) is **DENIED**.  In addition, it is **RECOMMENDED** that Plaintiff's Motions for Declaratory Relief and to Show Cause (ECF Nos. 37, 38, and 48) be **DENIED**.  Finally, it is **RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 30) be **GRANTED**.

### PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district

court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

    **IT IS SO ORDERED.**

Date: October 5, 2016                                /s/ *Elizabeth A. Preston Deavers*
                                                                      ELIZABETH A. PRESTON DEAVERS
                                                                      UNITED STATES MAGISTRATE JUDGE