IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Frederick E. Johnson,

    Plaintiff,

  v.                          Case No. 2:15-cv-86

Gary C. Mohr, et al.,

    Defendants.

ORDER

    This is an action brought pursuant to 42 U.S.C. §1983 by plaintiff Frederick E. Johnson, a state inmate, against Gary C. Mohr, Director of the Ohio Department of Rehabilitation and Correction, and other prison officials. Plaintiff alleged in his complaint that he was denied due process in a prison disciplinary proceeding brought against him, in which he was charged with raping another inmate. He further alleged that Deborah Timmerman-Cooper, the former warden of the London Correctional Institution, violated his First Amendment rights by ordering the destruction of his personal property in retaliation for his pursuit of an appeal from the decision rendered against him in the disciplinary proceeding.[1] By order filed on April 3, 2015, this court dismissed plaintiff's claims with the exception of the First Amendment retaliation claim asserted against Timmerman-Cooper. See Doc. 11.

---

[1] Prior to commencing the instant action, plaintiff filed a complaint against the London Correctional Institution in the Ohio Court of Claims, alleging that the institution acted negligently in failing to pack his property when he was sent to segregation. The Court of Claims found that the institution was negligent and awarded plaintiff $466.45 to compensate him for the loss of his property. Timmerman-Cooper was not a defendant in that action.

This matter is before the court for consideration of the October 5, 2016, report and recommendation of the magistrate judge. The magistrate judge recommended that plaintiff's motion for declaratory judgment (Doc. 37), plaintiff's motion for an order to show cause, for an injunction, and for a temporary restraining order (Doc. 38) and plaintiff's second motion for an order to show cause (Doc. 48) be denied. The magistrate judge also recommended that Timmerman-Cooper's motion for summary judgment (Doc. 30) be granted.

On October 31, 2016, plaintiff filed objections to the report and recommendation. If a party objects within the allotted time to a report and recommendation, the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §636(b)(1); see also Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §636(b)(1).

I. Motions for Declaratory Judgment and Show Cause Orders

Plaintiff's motions for declaratory judgment and for show cause orders, which requested injunctive relief, addressed the institution's allegedly erroneous debiting of the entire amount of the filing fee for the instant action to plaintiff's prisoner account. Plaintiff alleged in general terms that this error was retaliatory. Plaintiff sought an order directing the prison cashier to credit his account for any improper deductions and to send all properly debited funds to this court. The magistrate judge recommended denying these motions because they raised new

2

claims for relief that were unrelated to the matters alleged in the complaint.  The magistrate judge correctly noted that an award of injunctive relief was inappropriate here where the injunction '"deals with a matter lying wholly outside of the issues in the suit."'  Doc. 49, p. 9 (quoting De Beers Consol. Mines Ltd. v. United States, 325 U.S. 212, 220 (1945); see also Colvin v. Caruso, 605 F.3d 282, 299-300 (6th Cir. 2010)(noting that trial court could have denied the requested injunctive relief on the grounds that the request was improper because it was not premised upon a claim in the original complaint).  The court agrees that these motions asserted new claims outside the scope of the original complaint which are not properly before this court.

Even if this court were to consider the merits of plaintiff's motions, they would not be well taken.  Timmerman-Cooper provided the affidavit of Institutional Inspector Cynthia Hill, in which she stated that the erroneous debit entry had been corrected. See Doc. 45-1.  Inspector Hill stated that $350.00 was applied to plaintiff's account as a debit as a result of this court's order February 11, 2015, order directing the payment of the filing fee by installments. Doc. 45-1, ¶5.  The debit was reversed on August 25, 2016, in response to plaintiff's August 15, 2016, grievance, which was granted.  Doc. 45-1, ¶6.

In his objections, plaintiff does not dispute the magistrate judge's legal grounds for denying these motions. Rather, he claims for the first time that the accounting error prevented him from responding to the court's orders, although he does not identify which orders he was unable to comply with due to this error.  The court notes that plaintiff filed numerous motions in this action

3

prior to the correction of the accounting error, including a July 24, 2015, motion objecting to defendant's answer, a March 14, 2016, motion to appoint counsel, and a May 9, 2016, motion for extension of time to file a response to defendant's summary judgment motion, which was granted.  On June 9, 2016, plaintiff filed a response in opposition to the defendant's motion for summary judgment, and on July 14, 2016, he filed a supplemental memorandum opposing summary judgment.  Plaintiff never requested the extension of a filing deadline based on a lack of funds for postage in his prison account.  The court sees no basis for disagreeing with the recommendation of the magistrate judge, and plaintiff's motions for declaratory judgment and for show cause orders (Docs. 37, 38 and 48) will be denied.

II. Summary Judgment Motion

A. Eleventh Amendment Immunity

The magistrate judge recommended that defendant's motion for summary judgment be granted on Eleventh Amendment grounds to the extent that Timmerman-Cooper was named as a defendant in her official capacity.  The magistrate judge correctly noted that any official capacity claim was barred by the Eleventh Amendment.  See Pennhurst St. Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Plaintiff has not objected to this recommendation, and it will be adopted.

B. Retaliation Claim

The magistrate judge also recommended that summary judgment be granted on the retaliation claim because plaintiff failed to produce evidence sufficient to support that claim.  To prove a First Amendment claim for retaliation, plaintiff must show that:

4

(1) he engaged in protected conduct; (2) an adverse action was taken against him, and (3) there is a causal connection between the first and second elements, i.e., that the adverse action was motivated at least in part by the protected conduct. LaFountain v. Harry, 716 F.3d 944, 948 (6th Cir. 2013). The destruction of property can constitute an adverse action. LaFountain, 716 F.3d at 948-949.

The magistrate judge correctly concluded that plaintiff failed to show the existence of a genuine dispute in regard to the elements of his retaliation claim. Plaintiff's unsworn complaint provides no evidentiary support for his claim on summary judgment. In his unsworn memorandum contra, plaintiff veered from his original complaint and summarily alleged that Timmerman-Cooper was negligent in the handling of his property because she believed he was guilty of sexually assaulting another inmate. This allegation does not meet the first element of a retaliation claim, because a prisoner who violates a legitimate prison regulation does not engage in protected conduct and cannot proceed beyond the first step of the three-step retaliation analysis. Lockett v. Suardini, 526 F.3d 866, 874 (6th Cir. 2008).

There is also no evidence to show that Timmerman-Cooper was responsible for the alleged adverse action, the destruction of plaintiff's property. She submitted an affidavit stating that she had no knowledge as to whether any of plaintiff's property was destroyed, that she never ordered the destruction of plaintiff's personal property, and that she did not retaliate against plaintiff in any way or for any reason. Doc. 30-2, Timmerman-Cooper Affid., ¶¶ 21-23. Plaintiff offered no evidence sufficient to show that

5

Timmerman-Cooper had any involvement in the destruction of his property.

There is also no evidence to show causation, i.e., that the destruction of his property was motivated at least in part by protected conduct. King v. Zamiara, 680 F.3d 686, 694 (6th Cir. 2012). Even assuming, as plaintiff alleged in his memorandum contra, that the destruction of his property was due to some negligence on the part of Timmerman-Cooper, proof of negligence cannot support a retaliation claim. Allen v. Iranon, 283 F.3d 1070, 1076 n. 5 (9th Cir. 2002); Hardy v. 3 Unknown Agents, 690 F.Supp.2d 1074, 1104 (C.D.Cal. 2010)(if defendant, a prison physician, acted negligently, he cannot have acted in retaliation for plaintiff's grievances).

In his objections, plaintiff does not specifically address the magistrate judge's analysis of the retaliation claim. Rather, he argues that, as a lay person, he should not be held responsible for the fact that his complaint was unverified and could not be considered as evidence. This argument is not well taken. Although the filings of a pro se litigant are construed liberally, a pro se party will not be relieved of the responsibility to comply with basic rules of court. McNeil v. United States, 508 U.S. 106, 113 (1993); see also Moore v. Holbrook, 2 F.3d 697, 705 (6th Cir. 1993)(pro se litigants are not excused from federal rules governing summary judgment); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980)(pro se litigants must present proper summary judgment evidence).

Plaintiff also argues that he was not given the chance to amend his complaint, and that his motions for discovery were

6

denied.  However, the record reveals that plaintiff never moved to amend his complaint, nor did he file any motions seeking to compel discovery.  The discovery orders to which he refers were the May 8, 2015, and the March 16, 2016, orders of the magistrate judge striking plaintiff's written discovery requests which were filed on the docket without prior authorization in violation of Fed. R. Civ. P. 5(d)(1), which provides that discovery requests must not be filed until they are used in the proceeding or the court orders that they be filed.  No orders were issued which precluded plaintiff from seeking that same discovery from Timmerman-Cooper.  Plaintiff's objections fail to identify any error in the reasoning of the magistrate judge regarding plaintiff's failure to offer evidence in support of the retaliation claim.

C. Failure to Exhaust Administrative Remedies

In the alternative, the magistrate judge concluded that summary judgment was warranted due to plaintiff's failure to exhaust his administrative remedies against Timmerman-Cooper.  Under Ohio Admin. Code §5120-9-31(M), plaintiff was required to file a grievance against Timmerman-Cooper with the Office of the Chief Inspector.  According to the affidavit of DeCarlo Blackwell, custodian of the grievance records at the London Correctional Institution, plaintiff's grievance file contained no grievances which mentioned Timmerman-Cooper, or which were filed directly with the Office of the Chief Inspector.  Doc. 30-3, Blackwell Affid. ¶10.  The magistrate judge noted that plaintiff's evidence, which included an October 18, 2013, Informal Complaint Resolution and correspondence from the Office of the Chief Inspector dated October 24, 2013, were insufficient to support a finding of exhaustion

because those documents did not show that plaintiff filed a grievance against Timmerman-Cooper with the Office of the Chief Inspector.  See Doc. 49, p. 16.  The magistrate judge further stated that plaintiff's unsworn statement in his opposition memorandum that he complied with the grievance procedure was insufficient to show exhaustion.  Doc. 49, p. 16.  The magistrate judge also observed that if plaintiff believed that grievance documents existed, he could have utilized the discovery process to obtain copies of those grievances, yet plaintiff filed no motion to compel discovery.  See Doc. 49, p. 17.

In his objections, plaintiff again claims that the magistrate judge denied his discovery motions.  As noted above, plaintiff never filed a motion to compel discovery.  The magistrate judge only struck improperly filed interrogatories from the record.  Plaintiff also states in his objections that he filed a complaint against Timmerman-Cooper with the Office of the Chief Inspector.  Doc. 50, p. 4.  The court notes that plaintiff's objections contain an affirmation at the end.  Doc. 50, p. 11.  However, Plaintiff may not offer evidence for the first time in an objection which was never presented to or considered by the magistrate judge.  Murr v. United States, 200 F.3d 895, 902 n. 1 (6th Cir. 2000).  The court agrees with the magistrate judge that Timmerman-Cooper has submitted evidence sufficient to establish the affirmative defense of failure to exhaust administrative remedies, and that summary judgment is warranted on that ground as well.

III. Conclusion

In accordance with the foregoing, the court agrees with the report and recommendation (Doc. 49), and it is hereby adopted.

Plaintiff's objections (Doc. 50) are denied.  The motion for summary judgment (Doc. 30) is granted.  Plaintiff's motions for declaratory judgment and for show cause orders (Docs. 37, 38 and 48) are denied.  In accordance with the instant order and the order of April 3, 2015, dismissing the other claims in this action (Doc. 11), the clerk is directed to enter judgment dismissing this case.

Date: November 16, 2016            s/James L. Graham
                                   James L. Graham
                                   United States District Judge